STEPHENSON v. PURCHASE.

1. TRUSTS—IMPRESSING TRUST—EVIDENCE—SUFFICIENCY.
    In a suit by a receiver of trust funds to impress a trust
    upon a certain apartment building, claimed to have been
    purchased by defendant's husband in part with said trust
    funds, evidence *held*, to support the finding of the court
    below that there was no proof that any of said trust funds
    were used in the purchase of said apartment building.

2. EXECUTORS AND ADMINISTRATORS—TRUSTS—RECEIVERS—RIGHTS
    OF CREDITORS.
    That the receiver of trust funds misappropriated by de-
    ceased represents several creditors, and of a particular
    class, gives him no greater rights against the estate of
    deceased to recover said funds than those which every
    individual creditor possesses.

3. SAME—RIGHTS OF CREDITORS TO REACH PROPERTY FRAUDULENTLY
    CONVEYED.
    Where the administrator of the estate of a deceased per-
    son has not refused to take proper proceedings to recover
    property conveyed by the deceased in his lifetime in fraud
    of his creditors, in pursuance of 3 Comp. Laws 1915, §
    13859, but has a judgment creditors' bill pending in which
    such relief is sought, a representative of a particular class
    of creditors would not be entitled to maintain a creditors'
    bill for the benefit of those creditors represented by him.

4. SAME—AMENDMENTS—PARTIES.
    Where plaintiff's judgment creditors' bill to reach property
    claimed to have been conveyed by deceased in his lifetime
    in fraud of his creditors could not be maintained because
    filed in the interest of a class of creditors in preference
    to the general creditors, an amendment to the bill per-
    mitting plaintiff as administrator of deceased's estate to
    be joined as plaintiff under 3 Comp. Laws 1915, §§ 12478,
    12364, was properly denied, since any proceedings taken
    by the administrator should be in the interest of the
    general creditors.

Appeal from Wayne; Fead (Louis H.), J., presiding.    Submitted January 17, 1923.    (Docket No. 116.)    Decided March 22, 1923.

Bill by Eugene J. Stephenson, receiver, against Marie C. Purchase to reach certain trust funds.    From a decree dismissing the bill, plaintiff appeals.    Affirmed.

*John R. Rood,* for plaintiff.

*Lodge & Brown,* for defendant.

SHARPE, J.    In 1906, George H. Purchase, defendant's husband, induced a number of persons to pay to him certain moneys for the purpose of acquiring a lease on land then being prospected for oil in the Province of Ontario.    In *Mast* v. *Purchase,* 163 Mich. 35, a decree declaring the moneys so paid to the amount of $11,092.30 to be a trust fund and finding that Purchase had unlawfully appropriated such moneys to his own use was affirmed by this court. Purchase died February 10, 1914.    On June 21, 1919, plaintiff, who had been appointed by the court a receiver to collect such moneys, filed this bill of complaint, claiming that such trust funds were used by Purchase in the purchase of certain premises in Detroit known as the Alhambra apartments, the title to which had been taken in his name and that of defendant, his widow, as tenants by the entireties, and praying that such property be impressed with the trust and defendant be required to account for the same. It further appears that Purchase had, in, his lifetime, been imprisoned under an execution against the body, issued on the decree in the *Mast Case.*    The trial court held that such imprisonment paid the decree and dismissed the bill.    On appeal, this holding was reversed and the cause remanded.    *Stephenson* v. *Purchase,*

222—Mich.—14.

214 Mich. 95 (14 A. L. R. 496). Proofs were thereafter taken. It appeared in the proofs that plaintiff had, some time after the death of Purchase, been appointed administrator of his estate. The trial court held that plaintiff had failed to trace any part of the trust fund into the moneys with which the Alhambra apartments were purchased; that as receiver he had no authority after the death of Purchase to file a judgment creditors' bill, and that the bill filed could not be so treated. He denied the petition of plaintiff to amend the bill so as to make himself as administrator a party thereto. From a decree dismissing the bill plaintiff appeals.

The decree against Purchase to recover these trust funds has not been paid and if, under the facts established by the proofs, we may compel payment out of this property in which Purchase had invested a large sum of his own money, without violating well-established legal or equitable rules, we should do so.

1. The Trust Fund. The trial court found, as already stated, that there was no proof that any part of the trust fund was used in the purchase of the Alhambra apartments. The defendant produced the books kept by or for Purchase which related to his business matters after such trust moneys were received by him in 1906. The Alhambra apartments were purchased from Fred Slocum and wife on January 9, 1908. Ralph J. Meyering acted as agent for the Slocums in making the sale. He identified an unsigned memorandum which purported to show how the consideration was paid by Purchase. While differing in some particulars, it is in effect the same as the following entries pertaining thereto found in Purchase's books:

```
Field avenue  .............................. $10,000.00
Lafayette  ................................   10,000.00
```

| | |
|---|---:|
| Pitcher .................................... | $3,500.00 |
| Trumbull .................................. | 7,500.00 |
| Dime Savings Bank mortgage................. | 35,000.00 |
| Ducy mortgage ............................. | 13,000.00 |
| Cheseman and Slocum mortgage............. | 5,000.00 |
| Maybury note ............................. | 877.50 |
| Taxes paid ............................... | 1,059.78 |
| Cash paid ................................. | 3,998.82 |
| Credit to Purchase on adjustment of rents, etc. | 1,263.90 |
| | $91,200.00 |

It is defendant's claim that plaintiff's proofs not only fail to show that any of the trust moneys entered into this purchase, but that the proofs as a whole clearly establish that they did not.

The Field avenue property was acquired in 1904, the title having been taken in the names of Purchase and his wife. On January 9, 1908, the day the purchase of the Alhambra apartments was made, they mortgaged this property to Ida Morris for $5,000 and turned it in to Slocum for $10,000 subject to the mortgage. The Lafayette property was acquired by deed on October 29, 1907. This and the Maybury note listed above were taken in exchange for the Linfield apartments, which had been acquired on September 13, 1907. As a part consideration on the purchase of the latter he paid $13,000 in cash; $10,000 of this he borrowed from the People's State Bank on collateral furnished by Mr. Ostrander, his father-in-law, and $2,000 from Mr. Ostrander personally. For these and other loans made by Ostrander, Purchase deeded to him as security the Pitcher and Trumbull properties and Ostrander deeded them to Slocum when the Alhambra apartments were purchased. The Pitcher property was acquired on June 1, 1906, in exchange for lots which the Purchases had owned for several years. The Trumbull property was also acquired on June 1, 1906. The money paid as a cash payment was a part of that secured from the Morris

mortgage on the Field avenue property. It is clear from the opinion in *Mast* v. *Purchase, supra,* that all of the trust fund was received by Purchase in August, 1906, and later.

We are unable to find any proof from which a finding could be made that any of the trust moneys entered into the consideration paid on the purchase of the Alhambra apartments. Plaintiff's counsel claims that the proofs do show that considerable sums were expended in taxes and repairs upon the properties turned in, "running into hundreds of dollars," and counsel says that a part of these trust funds may have been used for such purpose. The proofs must justify a finding that such moneys were so expended and the amount thereof.

The conclusion reached renders it unnecessary to discuss the claim of plaintiff's counsel that if Purchase mingled the trust fund in his business with moneys otherwise obtained, the whole thereof, or any investment made therewith, would be impressed with the trust.

2. Plaintiff's Rights as a Judgment Creditor. No claim is made that plaintiff as receiver has any greater or other rights as a mere creditor of the estate of Purchase than any of his other creditors. The fact that he represents several creditors, and of a particular class, gives him no rights other than those which every individual creditor possesses. Under section 13859, 3 Comp. Laws 1915, it is made the duty of an administrator, where there is a deficiency of assets, to take proper proceedings for the recovery of any property which has been conveyed by the deceased in his lifetime in fraud of his creditors. On his refusal to do so, any creditor, on complying with certain prescribed conditions, may bring such proceeding in the name of the administrator. There was no refusal on the part of the administrator. In fact, it appears in the

record that he now has a judgment creditors' bill pending against the defendant in which such relief is sought. If we should treat the bill filed herein as a judgment creditors' bill, as urged by plaintiff's counsel, he would not be entitled to relief thereunder.

3. Should the Petition of the Administrator asking to be made a Party have been Granted? The power of a trial court to permit amendments under sections 12478 and 12364 is very broad, and such amendments should always be permitted when the ends of justice so require. If plaintiff as receiver had no right to file a judgment creditors' bill, it would be novel in court procedure to permit an administrator to be joined either as plaintiff or defendant and claim rights to which the plaintiff is not entitled. Moneys or property recovered by the administrator would accrue to the estate for the benefit of general creditors.

Plaintiff's claim rests on his right to recover in preference to such creditors. The amendment would in effect substitute the administrator for the receiver as plaintiff. We do not think the statute, liberally as it has always been construed, justified the amendment asked for.

The decree is affirmed, with costs to appellee.

WIEST, C. J., and MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred with SHARPE, J. FELLOWS, J., concurred in the result.